COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

LOUISA COUNTY SCHOOL BOARD
AND
SCHOOL SYSTEMS OF VIRGINIA
 SELF-INSURANCE ASSOCIATION                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
v.   Record No. 2901-96-2                       APRIL 8, 1997

LUCILLE YANCEY SHELTON


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (R. Temple Mayo; Taylor & Walker, P.C., on
               brief), for appellants.

               (Louis D. Snesil; McDonald & Snesil, P.C.,
               on brief), for appellee.


     Louisa County School Board and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that employer failed to

prove that Lucille Y. Shelton was no longer disabled due to her

compensable industrial injury and could return to her pre-injury

employment.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

"General principles of workman's compensation law provide that '[i]n an application for review of any award on the ground of change in condition, the burden is on the party alleging such change to prove his allegations by a preponderance of the evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that the employer's evidence proved that Shelton was no longer disabled as a result of her compensable accident and was able to return to her pre-injury work, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In finding that employer failed to sustain its burden of proof, the commission accepted the opinions of Shelton's treating physicians, Dr. Michael Decker, a physiatrist, and Dr. Gregory J. O'Shanick, a psychiatrist, both of whom opined that Shelton continued to be totally disabled from returning to her pre-injury employment as a result of her compensable September 23, 1994 work-related injuries. The commission rejected the contrary opinion of Dr. Kevin F. Hanley, an orthopedic surgeon, who examined Shelton at employer's request. In cases of conflicting medical evidence, "[t]he general rule is that when an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion." Pilot Freight Carriers,

2

1 Va. App. at 439, 339 S.E.2d at 572. The opinions of Drs. Decker and O'Shanick support the commission's decision.

The commission, in its role as fact finder, was entitled to give little weight to Dr. Hanley's opinion. The commission found that Dr. Hanley's personal attacks upon Shelton and her treating physicians rendered his conclusions of little probative value. In addition, the commission noted that Dr. Hanley questioned the initial injury and any resulting disability, when those issues had been previously resolved. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The commission resolved the conflict in the medical evidence against employer, finding that Shelton had not recovered from her work-related injuries and was not able to return to her pre-injury employment. That finding is binding upon us. Accordingly, we cannot find as a matter of law that employer's evidence sustained its burden of proof.

Shelton's request for attorney's fees and costs pursuant to Code § 65.2-713 is denied. For the reasons stated, we affirm the commission's decision.

Affirmed.